UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
JANE DOE,

                      Plaintiff,

    -against-

THE NATIONAL RAMAH COMMISSION,
INC., CAMP RAMAH, and RABBI ETHAN
LINDEN, in his individual capacity,

                      Defendants.
---------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO PROCEED UNDER A PSEUDONYM**

Civil Action No.

      Plaintiff Jane Doe moves the Court to proceed anonymously by means of a pseudonym reflected in the caption of this motion pursuant to Rule 10 (a) of the Federal Rules of Civil Procedure.

## BACKGROUND

      Plaintiff is an 18 year old woman who was sexually assaulted in her sleep as a minor while attending summer camp at Camp Ramah in the Berkshires. Despite having actual knowledge of the sexual assault of a minor female camper in its care, Defendants Camp Ramah and Rabbi Ethan Linden acted with deliberate indifference and failed to follow each of these standard camp protocol, as set out by the American Camp Association, which requires, *inter alia*, (i) that incidents of sexual abuse be reported to the authorities for investigation, (ii) that the perpetrator be isolated or removed from the camp, and (iii) that the family of the victim be informed immediately. Unfortunately, this was not an isolated incident. Unfortunately, there is a history of improper and inappropriate sexual incidents against female campers at Camp Ramah during the time that Defendant Linden was the Director of this camp. Further deliberate indifference by Defendant Camp Ramah and Defendant Linden can be seen by the history of improper and inappropriate sexual incident at this Camp that

1

did not lead to any changes to provide protection for the minors entrusted to this Camp by their parents.

Plaintiff brings this action for damages and injunctive relief under Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681-1688 ("Title IX"), the New York State Human Rights Law ("NYSHRL"), negligence under New York common law, civil conspiracy, and other related claims.

## ARGUMENT

The Court should grant the Plaintiff's motion to proceed anonymously under the name Jane Doe. This motion is filed simultaneously with the Plaintiff's Complaint against the above-captioned Defendants. The Plaintiff seeks to proceed anonymously to protect her identity as a young woman who suffered sexual assault while attending Camp Ramah as a minor.

Disclosure of the Plaintiff's name may expose her to a degree of public scrutiny, humiliation and social stigma that is associated with being the victim of a sexual assault. Permitting the Plaintiff to proceed anonymously will neither prejudice the Defendants, who are themselves aware of her identify, nor be detrimental to the public interest in any way.

Under Rule 10(a) of the Federal Rules of Civil Procedure, "[t]he title of the complaint must name all the parties." Fed. R. Civ. P. Rule 10(a). At the same time, courts have "carved out a limited number of exceptions to the general requirement of disclosure [of the names of parties], which permit plaintiffs to proceed anonymously." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008) (quoting *Roe v. Aware Women Ctr. for Choice, Inc.*, 253 F.3d 678, 685 (11th Cir. 2001)) (alteration in original). Whether a plaintiff may prosecute an action anonymously through a pseudonym is determined at the discretion of the court after weighing the "plaintiff's interest in anonymity . . . against both the public interest in disclosure and any prejudice to the defendant." *Grottano v. City of New York*, No. 15 Civ. 9242 (RMB)(KNF), 2016 WL 2604803 at

*1 (S.D.N.Y. Mar. 30, 2016) (internal quotation marks and citation omitted). The Second Circuit outlined a list of non-exhaustive factors for district courts to consider when balancing those interests, which include:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature;
>
> (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties;
>
> (3) whether identification presents other harms and the likely severity of those harms including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity;
>
> (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of [his or her] age;
>
> (5) whether the suit is challenging the actions of the government or that of private parties;
>
> (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;
>
> (7) whether the plaintiff's identity has thus far been kept confidential;
>
> (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity;
>
> (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and
>
> (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Sealed Plaintiff*, 537 F.3d at 190 (internal quotation marks and citations omitted) (alterations in the original). These factors ultimately guide the court to decide whether a plaintiff may proceed with

a pseudonym by balancing "the plaintiff's interest in anonymity . . . against both the public interest in disclosure and any prejudice to the defendant." *Id.* at 189.

The presumption that a plaintiff's identity is public information can be rebutted by showing that the harm to the party requesting anonymity exceeds the likely harm to the defendant and to the public from concealment. Courts usually find that the presumption has been rebutted where, as here, the plaintiff was a child victim of a sexual assault. *See Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004); see also, *Sealed Plaintiff*, 537 F.3d at 190 (reversing district court decision denying plaintiff to proceed under pseudonym and failing to apply the balancing test where plaintiff alleged she was the victim of sexual assault). Thus, factors one, two, three and four above weigh strongly in favor of permitting Plaintiff to proceed under a pseudonym.[1]

With respect to factor six, Defendants will not be prejudiced by keeping the Plaintiff's name confidential. Indeed, Defendants are well aware of its own actions and the plaintiff's identity. *See Doe v. Colgate Univ.*, 2016 WL 1448829, at *3 (N.D.N.Y. Apr. 12, 2016) (defendant is "aware of Plaintiff's true identity and will have an uninhibited opportunity to litigate this matter regardless of whether Plaintiff's identity is disclosed publicly"). The use of the "Jane Doe" moniker will not impair Defendants' ability to defend these claims.

With respect to factor seven, the Plaintiff's identity has been kept confidential to date by the Plaintiff and her family, and the Plaintiff's case has not been publicized.

With respect to factors eight and nine, there is no public interest that would be served by disclosing Plaintiff's identify. Indeed, because of the predominantly legal issues in this case there is an atypically weak "public interest" in disclosure of the Plaintiff's name and the dominating legal questions of Defendants' duty of care with respect to minors at Camp Ramah are agnostic as

---

[1] Because Defendants are private individuals and entities, as opposed to government entities, factor five does not bear on the present issue.

4

to the identity of any particular camper. With respect to the final factor, there is no alternative means of safeguarding and keeping Plaintiff's identify private.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court permit her to proceed by means of the pseudonym reflected in the caption of this motion for Plaintiff.

Dated: May 4, 2022

Wylie Stecklow PLLC

Wylie M. Stecklow
Carnegie Hall Tower
152 W. 57th Street, 8th Floor
New York, New York 10019
Tel: (212) 566-8000 x 3
Fax: (212) 202-4952
ECF@WylieLAW.com

Giskan Solotaroff & Anderson LLP
Catherine E. Anderson
90 Broad St., 2nd Floor
New York, New York 10004
(212) 847-8315
canderson@gslawny.com

*Counsel for Plaintiff*