

Wylie Stecklow, Esq.
Carnegie Hall Tower
152 West 57th St, 8th Floor
New York, New York 10019
Phone: (212) 566-8000
Fax: (212) 202-4952
Wylie@wylielaw.com

July 6, 2022

Honorable Judge Andrew L. Carter
United States District Courthouse
Southern District of New York
500 Pearl Street
New York, NY 10007

     Re:    *Doe v. The National Ramah Commission, Inc.,* 22-cv-3621 (ALC)(JLC)

Dear Honorable Judge Carter:

     Please recall that, along with Catherine Anderson, I am the attorney of record for the Plaintiff in the above referenced matter. I apologize for once again writing to the Court about this issue, but as we are now in July, I am quite concerned about summer schedules that may impact the ability of conducting a settlement conference in July. There is a very real chance that absent a July settlement conference, the opportunity for the parties to have a settlement conference at this early stage will be lost. I am really hoping to avoid that possibility, which is why I am once again, writing to this honorable Court.

     On or about June 24, 2022, the parties submitted a joint request on consent to this Court (Docket 23). The parties had written to the Court concerning a tethered 2-part agreement that would (i) refer this matter for settlement purposes only to Magistrate James Cott and (ii) provide a 60-day extension of time for the defense to respond to the pleading.

     On June 29, 2022, the Court granted part 2 of the tethered agreement, but wrote that as to the referral to Judge Cott, the parties are directed to comply with Rule 1.F of the Court's individual rules.

Rule 1.F of the Court's individual rules:

**F. Proposed Orders and Stipulations.** All stipulations and orders, including consent orders, orders to show cause, preliminary injunctions, and temporary restraining orders, should be brought to the Orders Clerk (500 Pearl Street, Clerk's Office) and Judgments should be presented to the Judgments Clerk (500 Pearl Street, Clerk's Office). Counsel may also email them to orders_and_judgments@nysd.uscourts.gov. Courtesy copies need not be sent to Chambers.

On the following date, June 30, 2022, the undersigned submitted Docket 26 to this Court which included a cover letter identifying that this request was **NOT** for a full referral to MJ Cott for all purposes, but solely for a settlement conference. Also uploaded was draft referral order. The draft referral order was also submitted on the same date to the Orders and Judgments clerk via email.

Yesterday, on July 5, 2022, the Orders and Judgments clerk responded, "the proposed order needs to be filed electronically on ECF." When the Orders and Judgments clerk was informed that the order was on the docket as 26-1, they replied,

> You would need to check the Judge's rules to see how they allow contact to chambers. That document did not come to us for approval, so it's up to chambers to have the Judge sign it.

A few minutes after receiving that message, I shared it with the Chambers of Hon. Andrew L. Carter via email, sharing the communications with the Judgments Clerk and asking what more was needed to have this settlement referral order signed and entered on the docket.

Within one hour, an email from ALCarterNYSDChambers was received that indicated we needed to adhere to the District's procedures on consent to proceed before a magistrate and to complete a form for such a referral.

I immediately reviewed the link and the form, and within 15 minutes, I wrote back to the Court identifying that the parties' request for a referral to MJ Cott was solely for a settlement conference.   Further, I wrote that having reviewed all of the local district court rules and this court's individual rules, I believed I had complied with all rules for the order to be signed and the referral for settlement to be made.

Yesterday, I called the Court and left a message identifying the case and that I was at a loss as to what was missing from the request for the Magistrate settlement referral order. At this point, I am watching email for the ECF bounce, but it has not arrived. I have reviewed the individual rules, the local district court rules, and I simply do not know what more is needed to facilitate the execution of this order.

When the letter was initially filed on June 24, 2022, there was a date available on MJ Cott's calendar that was available to all counsel and the parties. Plaintiff's consent to grant a 60-day extension was received and shared with Defense counsel, based upon the understanding that we were all available to have the settlement conference in July.

Before submitting this communication, I tried to again make a phone call to the Court (with Defendant Linden counsel Ben Arad on the call and consent of counsel for other defendants, Sarah Walsh, to proceed without her).  However, rather than leave a voicemail message, I am submitting this correspondence.

Respectfully submitted,

Wylie M. Stecklow